**Glen Allen ENGLE, Appellant,**

v.

**The BORDEAUX APARTMENTS, Appellee.**

No. 01–95–01163–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 6, 1997.

Glen A. Engle, Severna Park, MD, Leslie D. Snipes, Houston, for appellant.

Howard M. Bookstaff, Peter M. Henk, Houston, for appellee.

Before HEDGES, MIRABAL and PRICE,[1] JJ.

## OPINION ON MOTION FOR REHEARING

HEDGES, Justice.

We grant appellee's motion for rehearing, withdraw our opinion dated April 25, 1996, and substitute the following opinion.

Appellant Glen Allen Engle challenges a judgment awarding possession of leased premises (apartment 204), delinquent rent, and attorney's fees to appellee, The Bordeaux Apartments. In three points of error, Engle contends that the trial court erred by: (1) failing to submit a statutory defensive issue to the jury; (2) submitting an improper date in the jury charge on the question of entitlement to possession; and (3) improperly commenting on evidence before the jury.

In May 1994, Engle sought to rent a one-bedroom unit at The Bordeaux Apartments. When none was available, appellee's agent orally offered to rent him apartment 204, a two-bedroom unit. On the basis of this offer, Engle took possession of apartment 204.

Engle paid rent in the amount normally charged for a one-bedroom apartment. After several months, appellee's agent asked Engle to sign a lease covering apartment 204 and charging rent for a two-bedroom unit. Engle refused to execute the lease. In correspondence sent in August and September 1994, appellee demanded that Engle vacate apartment 204 and pay past due rent. There was evidence that Engle had tendered rent when due, but that appellee had refused the tender.

Ultimately, appellee filed a forcible-entry-and-detainer action against Engle, seeking possession of apartment 204 and payment of past due rent. The justice court awarded it the relief it sought. Engle appealed to the county court, which conducted a de novo jury trial. Based on jury findings, the trial court awarded appellee possession of the premises, $1,210 in delinquent rent, and $29,800 in attorney's fees.

In point of error three, Engle complains that the jury was asked to decide right to possession on the wrong date.[2] Engle argues that the jury charge should have addressed entitlement to possession on the date possession was actually in dispute, not on the date of trial. We agree. Even though Engle had long since vacated apartment 204, he was still harmed by the erroneous question. Based on the date of trial, the jury could not help but find for appellee, because Engle no longer possessed the property. But if the jury had been asked about possession on the date the forcible-entry-and-detainer action was filed, the jury could have found that Engle was entitled to possession. With that finding, Engle would have avoided liability for appellee's attorney's fees.

Appellee contends that Engle has waived this point of error because his objection to the charge was late. It argues that Engle objected only after the jury had begun its deliberations. Our reading of the record indicates otherwise. It is true that the trial court heard argument of counsel after the

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, participating by assignment.

2. The question submitted to the jury reads: Plaintiff, The Bordeaux Apartments, is entitled to possession of the premises located at 5010 Woodway, Apartment # 204, Houston, Harris County, Texas.
   Instruction: A landlord is entitled to possession of the leased premises if the tenant remains on the premises after termination of the tenant's right of possession.
   Answer: Yes.

jury had been charged and had retired to deliberate. Were this the only objection, Engle would indeed have waived any charge error. Appellee and Engle, however, filed their proposed jury questions, instructions, and definitions at the same time. The trial court marked "refused" on Engle's version and then submitted appellee's version to the jury. Included within Engle's request was question 12:

12. Who do you find, by a preponderance of the evidence, was entitled to possession on October 10, 1994?

____Defendant Engle

____Plaintiff Bordeaux Apartments.

The judge held a jury charge conference after the jury retired to deliberate, and the following exchange occurred:

Engle's Attorney: I would like a ruling specifically on all of Defendant's [Engle's] requested instructions and questions and definitions.

Court: They are all refused, and I have marked on them "refused," and signed.

The record is clear that Engle made the trial court aware of his requested jury questions, timely and plainly, and obtained a ruling. Therefore, his request preserved his charge error for appeal. *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 239 (Tex.1992).

We sustain point of error three.

Having sustained point of error three, we need not consider points of error one and two.

We reverse the judgment of the trial court and remand the case for further proceedings.